DYK, Circuit Judge,
concurring.
While I join the majority opinion, I write separately to express my concerns about the claimed role of the Merit Systems Protection Board (“Board”) in determining whether federal employees have engaged in misconduct outside the workplace.[1] Whether the standard is the usual “efficiency of the service” standard, 5 U.S.C. § 7513, or the “good cause” standard governing discipline for administrative law judges (“ALJs”), 5 U.S.C. § 7521, I doubt that Congress intended to broadly authorize the Board to conduct investigations into federal employees’ private conduct. Neither the Board nor federal agencies are given a general warrant to ferret out misconduct in the private lives of federal employees. It is one thing for the Board to sustain the dismissal of an employee based on a criminal conviction; it is quite another for the Board to adjudicate criminal behavior when state or federal authorities have declined prosecution.
Despite the Board’s disclaimers, that is effectively what the Board did here; it adjudicated criminal conduct. The procedures and evidentiary standards were, however, substantially different than in criminal proceedings. The petitioner was not afforded a jury trial. Moreover, most of the evidence on which the Board relied would have been inadmissible in a criminal trial. Not only does most of the evidence (e.g., the transcript of Ms. Castro’s statement on the night of the incident and the testimony by the two police officers and Mr. and Mrs. Feeney about what Ms. Castro told them happened on the night of the incident) constitute hearsay, but the critical item of hearsay — the transcript of the police interview with Ms. Castro on the night of the incident — was not even authenticated, see Fed.R.Evid. 901. On top of this, the Board rejected some of the factual findings of the administrative judge *539 who, unlike the Board, heard live witness testimony. Although these failings do not constitute reversible error in this case, they certainly raise concerns about fairness in these types of proceedings.
Lastly, neither the Office of Personnel Management nor the Board has articulated any consistent or comprehensive standard for when private, off-duty actions may lead to workplace discipline, whether they constitute “good cause” or satisfy the efficiency of the service standard. See Doe, 565 F.3d at 1380-81. In Doe, we overturned the Board’s decision sustaining the removal of a federal law enforcement officer for “clearly dishonest” conduct because the Board “failed to articulate a meaningful standard as to when private dishonesty rises to [a] level of misconduct” where discipline is warranted under the “efficiency of the service” standard. Id. at 1380. We explained that “without a predetermined standard [concerning when off-duty misconduct can subject employees to discipline] ... federal employees are not on notice as to what off-duty behavior is subject to investigation and the government could use this overly broad standard to legitimize removals made for personal or political reasons.” Id. at 1381. Although the standards issue was not properly raised by the petitioner in this case, these same concerns also apply to the removal of ALJs for off-duty misconduct.
These features of the present case — the criminal nature of the charges, the prevalence of hearsay and non-authenticated evidence, the rejection of the administrative judge’s findings, and the lack of a comprehensive standard — are disquieting. There is room for such Board action in unusual eases, and this appears to be one of those cases. This is so because of the seriousness of the charge, the fact that the altercation spurred police involvement, the strength of the hearsay evidence, the relatively small number of differences between the Board and administrative judge on their views of the facts, and the failure of Long to raise the standards issue. However, the Board must engage in such proceedings only in the most unusual circumstances or risk reversal by this court.

. In addition to this case, our opinion in Doe v. Department of Justice, 565 F.3d 1375 (Fed.Cir.2009), involving alleged off-duty misconduct by a federal law enforcement officer, raised similar issues.